Jared S. Dahle
J. Andrew Person
Elijah L. Inabnit
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jsdahle@garlington.com
japerson@garlington.com
elinabnit@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RONCOR, INC., | Cause No._____ |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| LAURIE ROBERTS, MIKE ROBERTS FAMILY TRUST, BLUE ICE SAPPHIRE MINING, INC., DON BAIDE, THE GEM GALLERY, LTD., and YOGO MINING COMPANY, LLC, | |
| Defendants. | |

Plaintiff, Roncor, Inc. ("Roncor"), through undersigned counsel, Garlington,

Lohn & Robinson, PLLP, for its Complaint and Demand for Jury Trial in the

2996488                                                                                    1

above-captioned action against Defendants Laurie Roberts, Mike Roberts Family

Trust, Blue Ice Sapphire Mining, Inc., Don Baide, The Gem Gallery, LTD., and

Yogo Mining Company, LLC, alleges as follows:

## I.     PARTIES, JURISDICTION, AND VENUE

1.     This action results from a longstanding and widespread conspiratorial

enterprise engaged in by Defendants to dig an underground tunnel into Plaintiff's

property, steal sapphires therefrom, and then seeking to wrongfully profit from this

conduct by selling them on the international market causing Plaintiff millions in

damages.  Plaintiff seeks damages for civil conspiracy, trespass, conversion, and

unjust enrichment and also seeks legal and equitable relief including, but not

limited to, a preliminary injunction, an accounting, the imposition of a constructive

trust, and disgorgement.  Further, as the conduct of Defendants is so reprehensible

as to constitute actual malice, Plaintiff seeks an award of punitive damages in order

to make an example of Defendants and to deter like conduct in the future.

2.     Roncor is a California corporation with its principal place of business

in California.

3.     On information and belief, Defendants Laurie Roberts ("Mrs.

Roberts") and Don Baide ("Baide") are residents of the State of Montana.  On

information and belief, the Mike Roberts Family Trust is a trust formed under

Montana law.  On information and belief, Blue Ice Sapphire Mining, Inc., is an

Alaskan corporation with a principal place of business in Montana. On

information and belief, The Gem Gallery, LTD., and Yogo Mining Company,

LLC, are companies formed under Montana law.

4.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332

because the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different states.

5.      Pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), this Court has

personal jurisdiction over Defendants because the claims alleged herein arise out of

Defendants' contacts with the State of Montana and jurisdiction is proper under

Montana's long-arm statute, Montana Code Annotated, Title 25, Chapter 20, Rule

4B.

6.      Venue is proper in the Great Falls Division of the District of Montana

pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 1.2(c)(3) because a substantial

part of the events giving rise to the claims alleged herein occurred in Judith Basin

County, Montana.

## II.    FACTS

7.      Roncor owns sapphire mining properties near Utica, Montana,

including the historic "American Mine."

8.      The Vortex Mine consists of one or more mining claims formerly

owned by Mike Roberts ("Mr. Roberts") and Mrs. Roberts through an entity

named Blue Ice Sapphire Mining, Inc.

9.     Baide recently purchased, or is in the process of purchasing, the Vortex mine.

10.    The Vortex Mine is directly adjacent to Plaintiff's mine, the American Mine.

11.    In 2019, Roncor discovered that Mr. Roberts died in a rock fall on March 20, 2012, while mining sapphires on the Roncor property.

12.    The discovery of Mr. Roberts' death occurred when a Roncor business associate, while visiting with an individual that was conducting exploratory work on the property on behalf of Roncor, learned it was rumored that Mr. Roberts was engaged in illegal mining and trespassing on Roncor's property when he was killed.

13.    The business associate then informed Ron Kunisaki ("Kunisaki"), the president of Roncor and asked if he was aware of this fact.  Neither Kunisaki nor any officer, agent, or employee of Roncor was aware of the illegal operation until 2019.

14.    The business associate conducted research and found a report concerning Mr. Roberts' death prepared by the Mine Safety and Health Administration ("MSHA"), submitted herewith as Exhibit A (the "MSHA Report").

2996488                                                                              4

15.     The MSHA Report indicates that Mr. Roberts did not notify MSHA that he had reopened and was operating the mine.

16.     The MSHA Report shows the accident occurred on the 250 level, and it was on a 500' long heading, which confirms Mr. Roberts was trespassing on Roncor's patented claim.

17.     The MSHA Report clearly shows that the area in which Mr. Roberts was digging was directly below Plaintiff's American Mine and was on Roncor's property.

18.     After further investigation, Roncor uncovered a wide ranging, years-long effort to convert and market sapphires taken from Roncor's patented mining claim.

19.     A previous employee of the Vortex Mine informed Roncor that this effort continued after Mr. Roberts was killed, when Mr. Roberts' wife and the personal representative of his Estate, Mrs. Roberts, resumed operation of the mine, trespassing into the Plaintiff's mine and converting Plaintiff's sapphires.

20.     It was also discovered that Mr. Roberts, while trespassing on Roncor property, plugged the American shaft, which is in otherwise excellent condition and could provide Plaintiff access to evaluate the American mine.

21.     Mr. Roberts also collapsed the Kunisaki tunnel, that would have been helpful for Roncor to be able to show the mine to prospective buyers or potential

buyers.

22.     Actions taken by Mr. Roberts and his co-conspirators causing the American shaft to be plugged and the collapse of the Kunisaki tunnel caused Plaintiff damages in excess of $500,000, as the cost of restoration of the American shaft will likely exceed that amount.

23.     Baide, in conjunction with Yogo Mining Company, LLC, now owns and operates the Vortex Mine.  Upon information and belief, Baide has conspired with Mrs. Roberts to continue the effort to trespass onto Plaintiff's property, steal sapphires from Plaintiff's property, and sell the sapphires on the international market—all to Plaintiff's detriment.

24.     On information and belief, either several millions of dollars have been generated from sales of the converted sapphires or a portion of the illegally mined and converted stones remain in the possession of Mrs. Roberts, the Mike Roberts Family Trust, Baide, or their businesses, Blue Ice Sapphire Mining, Inc., The Gem Gallery, LTD., and Yogo Mining Company, LLC, for future sale.

25.     Only Mrs. Roberts and the Estate of Mike Roberts are in possession of the bank and accounting records that reflect the precise sales.  Jewelry stores in Great Falls and Bozeman, Montana, including Defendant The Gem Gallery, LTD., have marketed and sold the stones on the international sapphire market for cash.

26.     The converted property—Roncor's sapphires—has an estimated value

of millions of dollars. Defendants have no valid claim or right to the property.

27.    An injunction is necessary to prevent damage, destruction, sale or dissipation of the property and evidence related thereto.

28.    Defendants' conduct was, by its nature, self-concealing and not readily apparent to Plaintiff in that Plaintiff could not have reasonably been aware of Defendants' activity which caused the damages complained of and the equitable relief sought herein.

### III.    COUNT ONE - UNJUST ENRICHMENT

29.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

30.    On information and belief, Defendants have received, through their own personal actions or the actions of other Defendants or third parties, valuable gems removed from Plaintiff's mining claim.

31.    On information and belief, Defendants have received, through their own personal actions or the actions of other Defendants or third parties, proceeds derived from the transfer or sale of valuable gems removed from Plaintiff's mining claim.

32.    Defendants knew, or should have known and appreciated the benefits they received through the receipt of valuable gems removed from Plaintiff's mining claim, and/or the proceeds derived by the sale or transfer of the same.

33.    Defendants accepted and/or retained the benefits derived from the valuable gems, and/or the proceeds derived by the sale or transfer of the same, despite knowing that the same was the legal property of Plaintiff and that all benefits and/or proceeds derived therefrom should, by right, be bestowed upon Plaintiff.

34.    As a result of this unjust enrichment, Plaintiff has suffered injury that entitles it to restitution and/or other compensation in amounts as will be just to compensate Plaintiff fully, including an award of interest on all such sums to avoid injustice.

## IV.    COUNT TWO – CONSTRUCTIVE TRUST

35.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

36.    Defendants are, on information and belief, in possession of valuable gems removed from Plaintiff's mining claim as well as the proceeds from the sale of valuable gems removed from Plaintiff's mining claim and property purchased with the valuable gems or the proceeds derived from the sale of these gems.

37.    Such property in the possession of Defendants should be, but has not been, delivered to Plaintiff.

38.    A constructive trust pursuant to Montana Code Annotated                    §
72-38-123 should be imposed on any and all such property in the possession of

Defendants and held for the benefit of Plaintiff.

## V.    COUNT THREE - TRESPASS

39.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

40.    Defendants have entered upon and mined valuable gems from property and mining claims owned by Plaintiff.  These actions have caused financial harm to Plaintiff.

41.    Defendants' actions constitute a trespass and the trespass is also a continuing trespass.

42.    Defendants' trespass entitles Plaintiff to an award of compensatory damages and/or restitution, including an award of interest on all such sums to avoid injustice.

## VI.    COUNT FOUR - CONVERSION

43.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

44.    All minerals gems or other materials taken from Plaintiff's property by Defendants is the rightful property of the Plaintiff.

45.    Defendants' actions of removing, trading, or selling Plaintiff's property has caused Plaintiff damages in an amount to be proven at trial.

## VII.   COUNT FIVE - CIVIL CONSPIRACY

2996488

9

46.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

47.    Defendants conspired to profit from valuable gems removed from Roncor's mining claims.

48.    Defendants had a meeting of the minds on accomplishing this goal by trespassing onto Roncor's property and converting Roncor's valuable minerals and gems.

49.    Defendants took one or more unlawful overt acts to accomplish this goal including by trespassing onto Roncor's property and removing and converting valuable gems therefrom.

50.    Plaintiff suffered damages as the proximate result of Defendants' conspiracy through the trespass and conversion by Defendants of Plaintiff's property.

## VIII.  COUNT SIX – PRELIMINARY INJUNCTION

51.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

52.    There is a likelihood that Plaintiff will prevail on the merits in this action.

53.    Defendants have wrongfully trespassed onto Plaintiff's property and converted minerals and gems that are rightfully the property of Plaintiff.

54.   Plaintiff is the rightful owner of these gems and or the proceeds obtained from the sale of the gems and is lawfully entitled to possession of the property of the funds.

55.   Upon information and belief, these gems and or the funds obtained from the sale of the gems have been deposited in Defendants' personal deposit box or bank account.

56.   An injunction freezing these assets or funds is necessary to prevent their removal and any delay in freezing these funds would seriously impair the remedy sought by Plaintiff as the assets are highly liquid.

57.   Upon information and belief, and due to the means by which they acquired the gems or funds obtained from their sale, Defendants may be dissipating assets and will become judgment-proof.

58.   Plaintiff will be irreparably harmed if Defendants are not enjoined from dissipating assets, as any judgment would become ineffectual.

59.   The harm to Plaintiff should an injunction not be issued outweighs any harm to Defendants.

60.   An injunction would be in the public interest, as it would protect victims of theft and embezzlement.

61.   Plaintiff is entitled to an Order from this Court pursuant to Title 27 Chapter 19 Part 2 of Montana Code Annotated, freezing Defendants' assets and

enjoining Defendants, or any financial institution on their behalf, from transferring any assets or funds from their accounts or deposit boxes.

## IX.    COUNT SEVEN – DISGORGEMENT

62.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

63.    Plaintiff is entitled to relief in the form of Defendants being required to disgorge any profits obtained through their wrongful conduct described herein so as to prevent them from being permitted to profit from their own wrong in obtaining the ill-gotten gains.

## X.    COUNT EIGHT – ACCOUNTING

64.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

65.    Upon information and belief, Defendants have dissipated some or all of the gems removed from Plaintiff's property, and any funds derived therefrom have been wrongfully converted through purchases or transfers to others.

66.    Plaintiffs are entitled to an accounting of Defendants' financial records in an effort to locate the destination of these assets or funds.

## XI.    COUNT NINE – PUNITIVE DAMAGES

67.    Plaintiff incorporates the foregoing allegations herein, as if set forth in full.

2996488

12

68.    As described above, Defendants deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

69.    The Defendants' actions were undertaken with actual malice as described under Mont. Code Ann. § 27-1-221, entitling Plaintiff to an award of punitive damages so as to punish Defendants and deter like conduct in the future.

## XII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    An order enjoining Defendants from entering upon Plaintiff's property and from dissipating or transferring any assets during the pendency of this proceeding.

2.    Damages from Defendants for civil conspiracy, trespass, conversion, and the wrongful possession and withholding of the property.

3.    For damages in the form of compensation to Plaintiff, in an amount to be determined at trial, for Defendants' trespass upon Plaintiff's property, including benefit derived.

4.    For restitution, in the form of compensation to Plaintiff, in an amount to be determined at trial, as a result of Defendants' past, present, and ongoing failure to compensate Plaintiff for the valuable gems taken from Plaintiff's property.

5.    That a constructive trust be imposed on any property held by

Defendants now, or hereafter received by them, which may be identified as derived from Defendants' past, present, and ongoing efforts to remove valuable gems from Plaintiff's property and sell them without compensation to Plaintiff.

6.      An order of disgorgement of all proceeds which may be identified as derived from Defendants' past, present, and ongoing efforts to remove valuable gems from Plaintiff's property and sell for profit.

7.      An award of prejudgment interest as required to avoid injustice.

8.      An award of punitive damages.

9.      An award of Plaintiff's reasonable attorney fees and all recoverable costs in prosecuting this action.

10.     An Order that Plaintiffs are entitled to possession of the converted property.

11.     An Order enjoining Defendants from selling, removing, destroying, relocating or in any way disturbing the property owned by Plaintiff that is in Defendants' possession or any evidence related thereto, including business records.

12.     An Order requiring that Defendants preserve the property at issue in its current condition and at its current location until such time as the Court rules on the issues raised in this matter; including any equipment owned or controlled by any named Defendants at or near the Vortex Mine.

13.     All other legal and equitable relief to which Plaintiff is entitled.

2996488                                                                                      14

14.    Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all claims so triable.

DATED this 17th day of July, 2020.


/s/  Jared S. Dahle
Attorneys for Plaintiff