THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RONCOR, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LAURIE ROBERTS, individually, and as Trustee of the MIKE ROBERTS FAMILY TRUST, BLUE ICE SAPPHIRE MINING, INC., DON BAIDE, THE GEM GALLERY, LTD., YOGO MINING COMPANY, LLC, ESTATE OF LOUIS GILBERT LOADER, TY L. BALBACH, THOMAS ORME, and MP PRODUCTS, LLC,<br><br>　　　　　Defendants. | CV 20-60-GF-JTJ<br><br>**ORDER** |

The Court conducted a hearing on all pending motions on February 10, 2023. For the reasons discussed in open court,

IT IS HEREBY ORDERED:

1. The Baide Defendants' Motion to Compel Settlement Agreements (Doc. 184) is GRANTED. The General Mutual Release and Settlement Agreement between Roncor, Inc. and Defendants Laurie Roberts, Blue Ice Sapphire Mining, Inc. and others (Doc. 248), and the Release and Settlement Agreement between Roncor, Inc. and Ty Balbach and Silver Summit Mining, LLC

(Doc. 248-1) shall be disclosed to counsel for the Baide Defendants, and disclosed to counsel for the Orme Defendants pursuant to a Protective Order issued by the Court. Each party shall pay its own attorney's fees and expenses with respect to the Baide Defendants' Motion to Compel Settlement Agreements.

    2.    The Orme Defendants' Motion for Summary Judgment (Doc. 186) is GRANTED in part, and DENIED in part, as follows:

        a.    The portion of the motion that relates to the good faith purchaser defense is DENIED.

        b.    The portion of the motion that seeks the dismissal of Roncor's Conversion claim is DENIED.

        c.    The portion of the motion that seeks the dismissal of Roncor's Civil Conspiracy claim is GRANTED.

        d.    The portion of the motion that seeks the dismissal of Roncor's claim for punitive damages is GRANTED.

        e.    The portion of the motion that seeks the dismissal of Roncor's Trespass claim is GRANTED.

        f.    The portion of the motion that seeks the dismissal of Roncor's claims for Disgorgement, Constructive Trust and Accounting is DENIED.

3.  The Orme Defendants' Motion in Limine (Doc. 189) is GRANTED in part, and DENIED in part, follows:

    a.  The portion of the motion that seeks to preclude evidence of an unrelated financial dispute between the Orme Defendants and Zane Pasma is GRANTED.

    b.  The portion of the motion that seeks to preclude evidence of liability insurance is GRANTED.

    c.  The portion of the motion that seeks to preclude evidence of Roncor's settlement agreements with the Roberts' Defendants and Ty Balbach is TAKEN UNDER ADVISEMENT.

    d.  The portion of the motion that seeks to preclude all parties from presenting witnesses and exhibits at trial that were not disclosed during discovery is GRANTED, with one exception. The parties may present an undisclosed witness as a true rebuttal witness.

    e.  The portion of the motion that seeks to invoke the witness exclusion rule (Fed. R. Evid. 615) is GRANTED.

    f.  The portion of the motion that seeks to prevent jurors from conducting online searches during trial is GRANTED.

    g.  The portion of the motion that seeks an order requiring the parties to identify the witnesses they intend to present at trial 24 hours before they are presented, and the sequence of their presentation, is GRANTED to the following extent: All trial witnesses shall be disclosed to counsel for the other parties on or before 6:00 p.m. on the day before the witness is scheduled to testify. The parties are not required to disclose the sequence in which their witnesses will be presented at trial.

      h.     The portion of the motion that seeks to preclude evidence of pretrial motions is GRANTED.

      i.     The portion of the motion that requires each party to disclose their demonstrative exhibits in advance of trial is GRANTED to the following extent: All Demonstrative exhibits produced in discovery must be shown to counsel for the other parties before they are presented at trial.

4.     The Baide Defendants' Motion in Limine (Doc. 192) is TAKEN UNDER ADVISEMENT.

5.     The Baide Defendants' Motion for Summary Judgment (Doc. 194) is GRANTED in part, and DENIED in part, as follows:

      a.     The portion of the motion that seeks the dismissal of Roncor's Civil Conspiracy claim is GRANTED.

      b.     The portion of the motion that seeks the dismissal of Roncor's Trespass claim is GRANTED.

      c.     The portion of the motion that seeks the dismissal of Roncor's claim for punitive damages is GRANTED.

      d.     The portion of the motion that seeks dismissal of Roncor's claims for Conversion and Unjust Enrichment is DENIED.

      e.     The portion of the motion that seeks dismissal of Yogo Mining Company, LLC as a Defendant is DENIED.

6. Roncor's Motions in Limine (Doc. 199) is GRANTED in part, and TAKEN UNDER ADVISEMENT in part, as follows:

   a. The portion of the motion that seeks to preclude evidence of Roncor's true motives in bringing this lawsuit is TAKEN UNDER ADVISEMENT.

   b. The portion of the motion that seeks to preclude evidence of the e-mails the David Rodli produced to the Defendants in discovery is TAKEN UNDER ADVISEMENT.

   c. The portion of the motion that seeks to preclude evidence of David Rodli's disbarment is TAKEN UNDER ADVISEMENT.

   d. The portion of the motion that seeks to preclude evidence of Jay Edington's and Yogold's control over this lawsuit is TAKEN UNDER ADVISEMENT.

   e. The portion of the motion that seeks to preclude evidence that Laurie Roberts has a disabled child is GRANTED.

   f. The portion of the motion that seeks to preclude evidence of Laurie Roberts's status as a widow is GRANTED to the following extent: Defendants may ask Laurie Roberts whether she is a widow one time only.

   g. The portion of the motion that seeks to preclude evidence of Mike Roberts's association with the Special Olympics is GRANTED.

   h. The portion of the motion that seeks to preclude evidence of the emotional distress suffered by Mike Roberts's family is GRANTED.

   i. The portion of the motion that seeks to preclude evidence of motions in limine that have been filed in this case is GRANTED.

7.  Roncor's Motion for Partial Summary Judgment on Count 4 of its Second Amended Complaint (Doc. 202) is TAKEN UNDER ADVISEMENT.

8.  Roncor's Motion for a Preliminary Injunction (Doc. 204) is DENIED.

9.  Roncor's Motion for Summary Judgment on the Baide Defendants' Counterclaim for Abuse of Process (Doc. 206) is GRANTED.

10. Roncor's Motion for Summary Judgment on the Orme Defendants' Counterclaims (Doc. 208) is GRANTED in part, and DENIED in part, as follows:

    a.  The portion of the motion that seeks the dismissal of the Orme Defendants' Counterclaim for Abuse of Process is GRANTED.

    b.  The portion of the motion that seeks the dismissal of the Orme Defendants' Counterclaim for Intentional Interference with Prospective Economic Advantage is DENIED.

11. Roncor's Motion for a Protective Order (Doc. 214-2) is DENIED.

Each party shall pay its own attorney's fees and expenses with respect to this motion.

DATED this 15th day of February, 2023.

John Johnston
United States Magistrate Judge